Justice TROUT,
Dissenting.
Because I believe the Amended Complaint filed by plaintiffs is sufficient to allege bias by the Industrial Commission, I respectfully dissent.
I agree that claimants could have requested a hearing before the Commission solely on the question of whether the lump sum settlement agreements were in the best interests of the parties, and their failure to do so is a failure to exhaust administrative remedies. However, I believe there were sufficient allegations of bias and prejudgment in the Amended Complaint to exempt claimants from the exhaustion requirement, saving their claims from dismissal.
As alleged in the Amended Complaint, when the Commission denied approval of the lump sum settlement agreements, it did not state that the agreements were not “for the best interest of all parties” as provided in J.R.P. XVTIIB and I.C. § 72-404. Rather, it is alleged the Commission representative conveyed that the Commission did not believe there was any liability on the part of the ISIF. In making that determination as to each of the three claims, the Commission was indicating that there was no manifest preexisting physical impairment which constituted a subjective hindrance or obstacle to employment, there was no subsequent work related injury, or the worker was not now totally and permanently disabled — the circumstances under which ISIF would become liable. See Garcia v. J.R. Simplot Company, 115 Idaho 966, 772 P.2d 173 (1989).
In making that determination, the Commission clearly had prejudged the merits of the factual basis for the workers’ claims, and was not simply deciding whether the agreement was in the best interests of the parties. Pursuant to J.R.P XVIII, the Commission requires the parties to submit the terms of the lump sum settlement, including the claimant’s current medical and employment status, lists of medical providers paid and summary of benefits paid, outstanding and unpaid medical expenses, the method of calculating benefits and supporting data, together with information on attorney fees and “an affirmative statement that the agreement is in the best interests of the parties.” It is hard to imagine how that summary information would be sufficient for the Commission to examine pre-existing injuries, whether they constituted a “subjective hindrance” and whether the claimant is now totally and permanently disabled, absent some pre-conceived desire to deny the claim in a particular case. That summary information would be sufficient, however, for the Commission to determine that the lump sum agreement is of benefit to all parties, which is all the Commission is to do under the statute.
I think the plaintiffs’ allegations of prejudgment- are sufficient to implicate the exception to the rule that a party must exhaust administrative remedies. Thus, I disagree with the Court’s opinion that the plaintiffs’ allegations are not sufficient to withstand a Rule 12(b) motion to dismiss. Under our lenient standards for notice pleading, I think these allegations are sufficient and I believe the district judge should be reversed and the matter remanded for further proceedings.